IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TWINKY YANG,

                Plaintiff,

            *vs.*                             Case No. 1:19-cv-00487

TATE & KIRLIN ASSOCIATES, INC.,
RESURGENT CAPITAL SERVICES, LP,
and LVNV FUNDING LLC,

                Defendants.

**COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, TWINKY YANG ("YANG"), against Defendants, TATE & KIRLIN ASSOCIATES, INC. ("TATE & KIRLIN"), RESURGENT CAPITAL SERVICES, LP ("RESURGENT"), and LVNV FUNDING LLC ("LVNV") (collectively "Defendants"), based on the following:

## I.   PRELIMINARY STATEMENT

1. YANG brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

10. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000.

12. YANG seeks such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees, and costs.

## II. PARTIES

13. YANG is a natural person.

14. At all times relevant to this lawsuit, YANG was a citizen of, and resided in, the City of Menasha, Winnebago County, Wisconsin.

15. TATE & KIRLIN is a for-profit corporation formed under the laws of the State of Pennsylvania.

16. YANG is informed and believes, and on that basis alleges, that TATE & KIRLIN maintains its principal business address at 580 Middleton Blvd, Suite 240, City of Langhorne, Bucks County, Pennsylvania.

17. RESURGENT is a for-profit limited partnership formed under the laws of the state of Delaware.

18. YANG is informed and, on that basis, believes RESURGENT maintains its principal place of business at 55 Beattie Place, Suite 110, City of Greenville, Greenville County, South Carolina.

19. RESURGENT's registered agent and office in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, City of Madison, Dane County, Wisconsin.

20. LVNV is a for-profit limited liability company formed under the laws of the State of Delaware.

21. YANG is informed and, on the basis, believes LVNV maintains its principal place of business at 6801 South Cimarron Road, Suite 424J, City of Las Vegas, Clark County, Nevada.

### III. JURISDICTION & VENUE

22. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

23. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to YANG's claims occurred within this federal judicial district, and because Defendants are subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS ABOUT DEFENDANTS

24. As LVNV acknowledges on its website, www.lvnvfunding.com, it purchases defaulted consumer debts from third parties:

> LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers.

25. After purchasing defaulted consumer debt from third parties, LVNV undertakes to liquidate the debt both directly and indirectly.

26. LVNV directly liquidates defaulted consumer debts by filing lawsuits to collect them.

27. On information and belief, LVNV has been the plaintiff in more than 1,000 lawsuits in state courts around the United States in the twelve months prior to the filing of this lawsuit.

28. As LVNV further acknowledges on its website, www.lvnvfunding.com, it collects debts indirectly through the services of RESURGENT and other debt collectors such as ALLIED INTERSTATE:

> The management of purchased assets is outsourced to Resurgent Capital Services LP (Resurgent), a third-party specializing in the management of these types of consumer assets. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies.

29. RESURGENT regularly engages in the collection of defaulted consumer debts.

30. RESURGENT regularly engages in the collection of defaulted consumer debts owed to others.

31. In attempting to collect debts, RESURGENT uses the mails, telephone, the internet, and other instruments of interstate commerce.

32. RESURGENT is a business the principal purpose of which is the collection of defaulted consumer debts.

33. All actions taken in the name of LVNV are taken by RESURGENT pursuant to a written agreement and power of attorney that LVNV has executed in favor of RESURGENT.

34. RESURGENT and LVNV are under common owernship and management.

35. RESURGENT and LVNV are part of the Sherman Financial Group.

36. On information and belief, RESURGENT directed the collection activity directed at YANG.

37. RESURGENT, acting at the direction of LVNV, retained TATE & KIRLIN to collect a defaulted debt owned by LVNV from YANG.

38. TATE & KIRLIN regularly engages in the collection of defaulted consumer debts.

39. TATE & KIRLIN regularly engages in the collection of defaulted consumer debts owed to others.

40. In attempting to collect debts, TATE & KIRLIN uses the mail, telephone, internet, and other instruments of interstate commerce.

41. TATE & KIRLIN is a business the principal purpose of which is the collection of defaulted consumer debts.

42. TATE & KIRLIN regularly engages in the collection of defaulted consumer debts owned by LVNV.

## V. FACTS ABOUT PLAINTIFF

43. TATE & KIRLIN mailed or caused to be mailed a letter dated April 4, 2018 (the "Letter") to YANG.

44. A true and correct copy of the Letter is attached as ***Exhibit A***, except that the undersigned counsel has partially redacted it.

45. The Letter alleged YANG had incurred and defaulted on a financial obligation (the "Debt") to Capital One N.A., which obligation is now owned by LVNV.

46. On information and belief, the Debt concerns a credit card account.

47. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

48. The Letter was TATE & KIRLIN's first written communication to YANG attempting to collect the Debt.

49. The Letter identified LVNV as the current creditor.

50. The Letter made three offers to resolve the Debt:

> "OPTION 1: Take a 15% discount! You can pay $232.26 in one payment to satisfy your account. (Saving you $40.99).
>
> OPTION 2: Take a 10% discount! You can pa $245.93 in 3 monthly payments of $81.98 to satisfy your account. (Saving you $27.33)
>
> OPTION 3: Pay $25.00 per month until the balance of $273.25 is paid."

51. The Letter went on to say:

> "Pease respond by 04-18-18 to take advantage of this offer. We are not obligated to renew this offer. Should you require an extension, please call our office immediately to see if this offer is eligible to be extended."

52. TATE & KIRLIN does not specify which offer it was obligated to renew.

53. Regardless, TATE & KIRLIN's statement that it is "not obligated to renew this offer" is materially false, deceptive, and misleading because it is *always* obligated by Resurgent or LVNV to renew the offers stated in the Letter.

Page **7** of **9**
Case 1:19-cv-00487-WCG   Filed 04/04/19   Page 7 of 9   Document 1

54. TATE & KIRLIN's false statement that it is "not obligated to renew this offer" is materially false, deceptive, and misleading, because it influences the unsophisticated consumer's decision to promptly pay the debt, instead of first disputing it, because a delayed payment would result in potentially losing the ability to accept the settlement offer at a later date.

## VI. CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

55. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

56. TATE & KIRLIN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

57. RESURGENT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

58. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

59. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

60. YANG is a "consumer" as defined by 15 U.S.C. § 1692a(3).

61. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

62. The use and mailing of *Exhibit A* by efendants in an attempt to collect the Debt violated the FDCPA. Such violation includes, but is not limited to:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e, including, but not limited to, violations of §§ 1692e(2), e(5), e(8), and 1692e(10); and,

   (b) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f.

## VII. PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff, TWINKY YANG demands judgment Defendants, jointly and severally, as follows:

(a) An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

(b) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(c) An award of actual damages to Plaintiff to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff; and,

(d) For such other and firther relied as may be just and proper.

## VIII. JURY DEMAND

64. Trial by jury is demanded on all issues so triable.

Dated: April 4, 2019

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Twinky Yang*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com